# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GERALD EDWARDS,**<br>    **Plaintiff** | :<br>:<br>: |
| v. | :    **CIVIL NO. 19-5806** |
| **SANDRA MORGAN,**<br>    **Defendant.** | :<br>:<br>: |

## MEMORANDUM

**PRATTER, J.**                                                      **DECEMBER** /3, **2019**

Plaintiff Gerald Edwards, who is representing himself (proceeding *pro se*), filed this civil action against Sandra Morgan pursuant to 42 U.S.C. § 1983. This is one of several cases Mr. Edwards has filed in this Court arising from proceedings in state court that led to his conviction on citations for various property violations. Mr. Edwards seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Mr. Edwards leave to proceed *in forma pauperis* and dismiss his Complaint.

## I.    FACTS

Mr. Edwards's Complaint consists of sparse, unclear, rambling allegations. His claims appear to be premised on his dissatisfaction with proceedings in a summary appeal in the Bucks County Court of Common Pleas in which he was found guilty of numerous violations of local ordinances related to maintenance of his property, and a related appeal to the Pennsylvania Superior Court. *See Commonwealth v. Edwards*, 2302 EDA 2019 (Pa. Super. Ct.); *Commonwealth v. Edwards*, CP-09-SA-0000219-2018 (C.P Bucks Cty.). All his allegations, to

the extent they can be understood, pertain to the manner in which the proceedings unfolded in state court. (Compl. ECF No. 2 at 7-10.)[1]

Mr. Edwards identifies Ms. Morgan as a Code Enforcement Officer for Middle Town Township. (*Id.* at 6.) The only factual allegation against Ms. Morgan concerns her testimony in court, which Mr. Edwards describes as "confused." (*Id.* at 8.) Mr. Edwards seeks $500,000 in damages for "undue hardship" in connection with "mental distress." (*Id.* at 4.)

This is the eighth lawsuit that Mr. Edwards has filed in approximately thirteen months stemming from the citations, the related court proceedings, and jail time he served in connection with the proceedings. *See Edwards v. Morgan*, Civ. A. No. 18-4776 (E.D. Pa.); *Edwards v. McDermott*, Civ. A. No. 18-4777 (E.D. Pa.); *Edwards v. Morgan*, Civ. A. No. 19-1897 (E.D. Pa.); *Edwards v. Rice*, Civ. A. No. 19-3559 (E.D. Pa.); *Edwards v. Baranoski*, Civ. A. No. 19-4609 (E.D. Pa.); *Edwards v. Freed*, Civ. A. No. 19-4851 (E.D. Pa); *Edwards v. Bucks Cty. Corr. Facility*, Civ. A. No. 19-4923 (E.D. Pa.). He is already proceeding against Ms. Morgan in one of those lawsuits on claims related to Ms. Morgan entering his property on July 12, 2018, and searching his mailbox on October 22, 2018. *Edwards v. Morgan*, Civ. A. No. 19-1897 (E.D. Pa.).

## II. STANDARD OF REVIEW

The Court will grant Mr. Edwards leave to proceed *in forma pauperis* because it appears that he is not capable of paying the fees to commence this civil action. Accordingly, Mr. Edwards's Complaint is subject to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), which requires the Court to dismiss the Complaint if it frivolous or fails to state a claim. A complaint is frivolous if

---

[1] The Court adopts the pagination assigned to the Complain by the CM/ECF docketing system.

2

it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). To survive dismissal, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements[] do not suffice." *Id.* As Mr. Edwards is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Additionally, Federal Rule of Civil Procedure 8(a) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, No. Civ. A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted). A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted).

## III.   DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Mr. Edwards has not stated a legal basis for a claim against Ms. Morgan for the following reasons.

3

First, witnesses enjoy absolute immunity from § 1983 suits for damages based upon their proffered testimony, so Mr. Edwards may not proceed on any claims against Ms. Morgan based on her testimony against him in court. *See Briscoe v. LaHue*, 460 U.S. 325, 341-46 (1983). Second, Mr. Edwards's allegations are confusing and jumbled, and many do not even pertain to Ms. Morgan, so they cannot establish a basis for a claim against her. Third, this Court has already explained to Mr. Edwards in resolving similar claims against Ms. Morgan that "it is not clear how Ms. Morgan, a code enforcement officer, could be held responsible for the state courts' handling of proceedings related to the citations." *Edwards v. Morgan*, Civ. A. No. 19-1897, 2019 WL 2407478, at *3 (E.D. Pa. June 5, 2019). Finally, Mr. Edwards is already proceeding on claims against Ms. Morgan in a previously-filed, pending lawsuit that relates to the same underlying subject matter. *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000) (noting that "[a]s part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit"). In sum, there is no non-frivolous, plausible basis upon which Mr. Edwards may proceed in this case.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Mr. Edwards leave to proceed *in forma pauperis* and dismiss his Complaint. As it appears amendment would be futile, especially in light of Mr. Edwards's litigation history, the Court will dismiss this case with prejudice. Mr. Edwards should note that the repeated filing of duplicative lawsuits raising claims that the Court has already addressed and dismissed may result in restrictions on filing privileges in the future. *See Abdul-Akbar v. Watson*, 901 F.2d 329, 333 (3d Cir. 1990) ("When a district court is confronted with a pattern of conduct from which it can only conclude that a litigant is intentionally abusing the judicial process and will continue to do so unless restrained, we believe

4

it is entitled to resort to its power of injunction and contempt to protect its process."). However, Mr. Edwards should also note that the dismissal of this case does not prevent him from proceeding on his pending claims against Ms. Morgan in Civil Action Number 19-1897. An appropriate Order follows.

BY THE COURT:

_____
GENE E.K. PRATTER, J.